No. 23-10380

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARCEL MALLORY,

*Defendant-Appellant.*

---

*On Direct Appeal from the United States District
Court for the Northern District of Texas
Fort Worth Division*

---

**APPELLANT'S INITIAL BRIEF**
Pursuant to *Anders v. California*

---

BRANDON BECK
Brandon Beck Law
2614 130th Street, Suite 5 PMB1040
Lubbock, Texas 79423
(806) 590-1984
(806) 905-6564 (fax)
brandon@brandonbecklaw.com
Bar No. 24082671

Counsel for Appellant

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Appellant:**             Marcel Mallory

**Defense Counsel:**       Samuel Ray Terry (trial)
                           Brandon Beck (appellate)

**Appellee:**              United States

**Prosecution:**           U.S. Attorney's Office for the Northern District of Texas
                           U.S. Department of Justice

**District Judge:**        The Honorable Reed C. O'Connor


                                   */s/ Brandon Beck*
                                   Counsel for Appellant

## STATEMENT REGARDING ORAL ARGUMENT

I am not requesting oral argument. I have moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). After careful review of the record, it is my professional judgment that, in light of the appeal waiver, the case presents no nonfrivolous issues for direct appeal.

# TABLE OF CONTENTS

Certificate of Interested Persons ................................................................. ii

Statement Regarding Oral Argument ....................................................... iii

Table of Contents.................................................................................... iv

Table of Authorities ................................................................................ v

Jurisdictional Statement .......................................................................... 1

Issues Presented for Review...................................................................... 1

Statement of the Case .............................................................................. 2

    I.    Facts and Proceedings Below........................................................ 2

    II.   Summary of the Argument........................................................... 6

Argument................................................................................................ 8

    I.    The district court committed no reversible error in accepting Mr. Mallory's guilty plea .................................................................. 8

    II.   The district court committed no error at sentencing that could fit within an exception to Mr. Mallory's waiver of appeal................ 8

Conclusion ............................................................................................ 12

Certificate of Service ............................................................................. 13

Certificate of Compliance ...................................................................... 14

    *Anders* Checklist................................................................ Attachment A

# TABLE OF AUTHORITIES

*Pages*

**Cases**

*Anders v. California,*
　　386 U.S. 738 (1967) ................................................................ *passim*

*Massaro v. United States,*
　　538 U.S. 500 (2003) ........................................................... 11

*United States v. De Cay,*
　　359 F. App'x 514 (5th Cir. 2010) ..................................... 7, 9

*United States v. Glinsey,*
　　209 F.3d 386 (5th Cir. 2000) ............................................. 10

*United States v. Haese,*
　　162 F.3d 359 (5th Cir. 1998) ............................................. 11

*United States v. Higdon,*
　　832 F.2d 312 (5th Cir. 1987) ............................................. 11

*United States v. Hildenbrand,*
　　527 F.3d 466 (5th Cir. 2008) ............................................... 8

*United States v. Johnson,*
　　1 F.3d 296 (5th Cir. 1993) (en banc) ................................. 10

*United States v. White,*
　　307 F.3d 336 (5th Cir. 2002) ............................................... 8

**Statutes**

18 U.S.C. § 3231 ...................................................................... 1

21 U.S.C. § 841 ........................................................................ 2

v

28 U.S.C. § 1291 ........................................................................................... 1

28 U.S.C. § 2255 ......................................................................................... 11

## JURISDICTIONAL STATEMENT

The district court had original jurisdiction over this case pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291. Appellant filed a timely notice of appeal on April 11, 2023 (ROA.64-65), which was twelve days after the district court entered written judgment. (ROA.57-60).

## ISSUES PRESENTED FOR REVIEW

I.  Did the district court commit any reversible error by accepting Mr. Mallory's guilty plea?

II. Does this case implicate any exceptions within Mr. Mallory's appeal waiver?

## STATEMENT OF THE CASE

### I.    Facts and Proceedings Below

On December 7, 2022, Marcel Mallory signed a factual resume as part of a guilty plea to one count of Conspiracy to Possess with Intent to Distribute a Controlled Substance (methamphetamine), in violation of 21 U.S.C. § 846, and 21 U.S.C. § 841(a)(1) and (b)(1)(B). (ROA.43-44). In his factual resume, Mr. Mallory stipulated to facts supporting the essential elements of the offence. (ROA.44). Specifically:

> From December 2021, through Oct. 2022, Marcel Mallory received methamphetamine from others, sometimes on consignment. In turn, Marcel Mallory distributed methamphetamine to others. In this manner, Marcel Mallory conspired with other to possess with intent to distribute more than 50 grams of methamphetamine.

(ROA.44).

On November 16, 2022, Mr. Mallory pleaded guilty to the one-count superseding information. (ROA.179). The Probation Office initially calculated his advisory sentencing range, under the U.S. Sentencing Guidelines, at 360 to 480 months. (ROA.285). Mr. Mallory did not file any written objections to the Presentence Report (PSR).

On March 31, 2023, the district court held Mr. Mallory's sentencing hearing. (ROA.209-40). At the beginning of the hearing, Mr. Mallory's trial attorney informed

the court that Mr. Mallory wished to seek a continuance of the sentencing hearing and wanted to raise objections to the PSR. (ROA.213). The primary reason for the continuance was that Mr. Mallory only had access to his PSR for four days prior to the sentencing hearing. (ROA.213). Defense counsel, however, attested that he did review the PSR with Mr. Mallory for two hours prior to the hearing. (ROA.213-14).

After conferring with counsel, Mr. Mallory proceeded with his oral objections as the sentencing hearing. The focus of his objections was to the PSR's drug quantity calculation. First, Mr. Mallory argued that the PSR's finding that he sold 56 ounces of methamphetamine to Heather Thompson on four different occasions contradicted her statement in her interview with the DEA that she the most she ever purchased from Mr. Mallory was 52 ounces on a single occasion. (ROA.214-15). Second, Mr. Mallory challenged the PSR's drug conversion calculation, arguing that the "ghost dope weight" should have been measured "in two kilograms for every gram, and then the actual is supposed to be 20 kilograms for every gram." (ROA.215).

In response to Mr. Mallory's challenge to the accuracy of the PSR's drug weight calculations, the government called DEA Agent Finney to testify. (ROA.217). Agent Finney confirmed Ms. Thompson's statement but explained that it was only the first of a series of DEA interviews with Ms. Thompson. (ROA.218-20). According to Agent Finney, Mr. Thompson, in a subsequent interview, admitted to four 56-ounce

transactions, consistent with the PSR. (ROA.218-20). On cross-examination, Agent Finney acknowledged that Ms. Thompson received a proffer agreement with the government (ROA.222) and that witnesses (or co-conspirators) who receive a proffer agreement will sometimes embellish their story in order to earn a 5K motion for reduction in sentence. (ROA.223). Agent Finney also acknowledged that although Brad Roberts (who purchased from Ms. Thompson) corroborated Ms. Thompson's accounts, he too was under a proffer agreement and hoped to receive a 5K motion from the government. (ROA.224-25).

Mr. Mallory next elected to testify. (ROA.226). He admitted to a single 52-ounce transaction to Ms. Thompson but denied any other high-volume transactions, stating instead that all subsequent transactions with Mr. Thompson involved smaller amounts. (ROA.226-27). He also testified that he only had 15 total transactions with Mr. Thompson, far fewer than the 80 transactions alleged in the PSR. (ROA.227). As to the total drug weight, Mr. Mallory testified that he only sold Ms. Thompson 1,460 grams, not 6,500 grams as the PSR found. (ROA.227-28). All told, Mr. Mallory's testimony was that he was accountable for 6 kilograms less of drugs than what the PSR claimed. (ROA.228-29).

On cross-examination, the government asked Mr. Mallory to provide the name of his supplier as well as the names of his other customers. (ROA.231-33). Mr. Mallory

declined as to both. (ROA.231-33). At the conclusion of this testimony, the district

court found Agent Finney credible, Mr. Mallory dishonest, and revoked the PSR's

reduction for acceptance of responsibility:

> After hearing the testimony, I find Agent Brian Finney's testimony credible. He and his colleagues have corroborated, as he characterizes it, a lot of what this informant has to say and has provided.
>
> He also testified that it is his job and his colleagues' job to include a screening or skeptical evaluation of information provided to him, screening or evaluating for any improper motives. That's why it sounds like he and his colleagues worked to corroborate this information.
>
> I also find that the defendant, of course, has a motive to say these things. He's looking at a heavy sentence. And it also is significant to me that he is withholding information that is relevant to this hearing at this hearing today, while under oath.
>
> And so, on balance, after considering all of this information, I find that the information contained in the PSR is true and correct and reliable and should be considered by me.
>
> I also find that the defendant has falsely provided false statements to these objections. So I find that he should not be entitled to acceptance of responsibility.

(ROA.233-34). This increased Mr. Mallory's total offense level, under the guidelines,

to 42. (ROA.234). The government then moved for an obstruction-of-justice

enhancement, based on Mr. Mallory's testimony, which the district court granted.

(ROA.235). This increased Mr. Mallory's total offense level to 43, the maximum under the guidelines. (*See* ROA.235). After these two rulings, Mr. Mallory's advisory sentencing range increased from 360-480 months to simply the statutory maximum: 480 months. (ROA.235).

After Mr. Mallory requested a 240-month sentence (ROA.235-36), the district court sentenced him to 480 months imprisonment, followed by a 5-year term of supervised release. (ROA.237-38). The court did not order a fine or restitution. (ROA.237-38). As part of his plea, Mr. Mallory had signed a plea agreement that included an appeal waiver. (ROA.256-60).

## II.   Summary of the Argument

After carefully reviewing the record and applicable law, I reluctantly conclude that there is no basis upon which to pursue this appeal. Accordingly, I will move to withdraw.

The only areas in which arguable issues could arise would be: (1) the guilty plea (the Rule 11 colloquy); (2) the sentencing; or (3) the appeal waiver. The record reveals that the district court substantially complied with the Rule 11 requirements when accepting Appellant's plea. It also complied with the sentencing law when calculating his guideline range and sentencing him to 480 months imprisonment followed by a 5-year term of supervised release. But even if some of the district court's findings were

in error, this case does not fit any of the exceptions enumerated in the appeal waiver. *See United States v. De Cay*, 359 F. App'x 514, 515 (5th Cir. 2010) ("To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement.").

# ARGUMENT

**I.   The district court committed no reversible error in accepting Mr. Mallory's guilty plea.**

**Standard of Review:** Where a defendant has preserved an objection, this Court considers a district court's "factual finding" that a guilty plea is knowing, voluntary, and supported by an adequate factual basis "for clear error." *United States v. Hildenbrand*, 527, F.3d 466, 475 (5th Cir. 2008). But where a defendant raises no objection, review is for plain error.

**Analysis:** As explained in the attached *Anders* checklist, I can find no basis in the record to argue that Appellant's plea was anything other than knowing, voluntary, and supported by an adequate factual basis. The district court complied with Rule 11 in all relevant respects. Therefore, in my professional judgment, Appellant could not succeed on any challenge to his plea, on plain error or otherwise.

**II.  The district court committed no error at sentencing that could fit within an exception to Mr. Mallory's waiver of appeal.**

**Standard of Review:** Waivers of appeal are enforceable in this Circuit, provided they are knowingly and voluntarily undertaken. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). Here, Mr. Mallory signed the plea agreement, with an appeal waiver, on December 7, 2022 (ROA.256-60), and was duly advised of the waiver of appeal provision at rearraignment. (ROA.154). He exchanged his right to appeal for

8

consideration: an agreement not to bring additional charges and to dismiss any outstanding charges. (ROA.258).

**Analysis:** It should first be noted Counsel contacted the Government on September 10, 2023, regarding the appeal waiver and the Government has since confirmed that it would assert the waiver-of-appeal provision in the plea agreement.

The Court determined that Appellant knew he was giving up his right to appeal except for the circumstances set forth in paragraph 10 of the plea agreement:

> <u>Waiver of right to appeal or otherwise challenge sentence</u>: Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(ROA.259).

It remains, therefore, only to determine whether any of the enumerated exceptions to the appeal waiver apply. *See United States v. De Cay*, 359 F. App'x 514, 515 (5th Cir. 2010) ("To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry:

(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement.").

The first exception allows for an appeal if the imposed sentence exceeds the statutory maximum for the offense of conviction. Here, the statutory maximum sentence was forty years imprisonment, which was the sentence actually imposed. (ROA.58). Thus, the exception is not triggered.

The second exception allows for an appeal to review arithmetic error. But the record here does not reflect any such error.

The third exception allows for an appeal of the voluntariness of the plea itself. Mr. Mallory challenged the voluntariness of his plea in Motion to Appoint New Counsel, mailed to the district court on March 30, 2023. (ROA.61-62). This Court applies a two-step analysis to evaluate the voluntariness of a defendant's plea: (1) did the court deviate from Rule 11 at the rearraignment?; and (2) if so, did the error affect the substantial rights of the defendant? *United States v. Glinsey*, 209 F.3d 386, 394 (5th Cir. 2000); *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). A court deviates from Rule 11 by failing to address one of its "core concerns": "(1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of his plea." *Johnson*, 1 F.3d at 300. Nothing on this record supports any such challenge because

the court took great pains to comply with all of Rule 11's requisites and questioned Appellant about his desire to voluntarily plead to the offense. (ROA.117-18).

The fourth and final exception to the appeal waiver allows Appellant to bring a claim of ineffective assistance of counsel. As a general rule, this Court does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Haese*, 162 F.3d 359, 363 (5th Cir. 1998) ("This Circuit generally does not allow claims for ineffective assistance of counsel to be resolved on direct appeal when those claims have not been presented before the district court, since no opportunity existed to develop the record."). An exception is made if the record below allows for a fair evaluation of the merits of the claim. *United States v. Higdon*, 832 F.2d 312, 313-314 (5th Cir. 1987); *Massaro v. United States*, 538 U.S. 500, 508 (2003) (reserving this exception for situations of "apparent" or "obvious" shortcomings of counsel). This case does not fit into this exception because the record does not provide information on the attorney's trial strategies, the motivations behind his trial tactics, or the extent of his investigations. As a result, this Court would not consider a claim of ineffective assistance of counsel in this appeal. *See Haese*, 162 F.3d at 363. Appellant has reserved the right to bring a claim of ineffective assistance of counsel in a motion pursuant to 28 U.S.C. § 2255, which provides him the appropriate vehicle to bring such a claim

following the conclusion of this direct appeal. Furthermore, it would allow Appellant

to develop material outside the record to support any such claim.

## CONCLUSION

Because I can identify no arguable issues upon which to predicate an appeal, I

must reluctantly move to withdraw. Even so, I stand ready to brief any potentially non-

frivolous issues this Court identifies through its review of my brief and the Record on

Appeal.

Respectfully submitted,

/s/ Brandon Beck
BRANDON BECK
Brandon Beck Law
2614 130th Street, Suite 5 PMB1040
Lubbock, Texas 79423
(806) 590-1984
(806) 905-6564 (fax)
brandon@brandonbecklaw.com
Bar No. 24082671

Counsel for Appellant

## CERTIFICATE OF SERVICE

I, Brandon Beck, hereby certify that on October 15, 2023, the initial brief was served via ECF email to counsel for the Respondent, Assistant U. S. Brian McKay. I further certify that: 1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; 2) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. Rule 25.2.1; and 3) the document has been scanned for viruses with the most recent version of Norton Anti-virus and is free of viruses.

I further certify that I have reasonably attempted to communicate, in a manner and a language understood by the defendant: (i) that counsel has fully examined the record and reviewed the relevant law and there are no meritorious issues for appeal; (ii) that counsel has therefore moved to withdraw; (iii) that if granted, the motion will result in dismissal of the appeal; but (iv) the defendant has the right to file a response, in English, opposing counsel's motion within 30 days of the filing of counsel's certificate of service. *See United States v. Moreno-Torres*, 768 F.3d 439 (5th Cir. 2014).

I am also mailing a copy of this brief to Appellant at Marcel Ferdinan Mallory #56854-177, USP Pollock, U.S. Penitentiary, P.O. Box 2099, Pollock, LA 71467

*/s/ Brandon Beck*
*Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE**

Pursuant to 5th Cir. R. 32.3, the undersigned certifies this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B).

1.     Exclusive of the exempted portions, this brief contains 3,069 words.

2.     This brief has been prepared in proportionately spaced typeface using Microsoft Word in Goudy Old Style typeface and 14 point font size.

3.     The undersigned understands that any material misrepresentations in this certificate may result in striking the brief and sanctions.

                                        */s/ Brandon Beck*
                                        Brandon Beck

# Appendix A

## *ANDERS* CHECKLIST

Provide citations to the record, including the presentence report (PSR), and to relevant authority, where appropriate, in the right hand column to demonstrate compliance by the district court and/or the parties.

| GUILTY PLEA - FED. R. CRIM. P. 11 | |
|---|---|
| (**NOTE:** May be pretermitted, per *United States v. Garcia*, 483 F.3d 289 (5th Cir. 2007), if the record reflects that the defendant does not wish to challenge the guilty plea) | |
| **I.  Advising and Questioning the Defendant - FED. R. CRIM. P.  11(b)(1)** | |
| (**A**) risk of perjury | ROA.109-10 |
| (**B**) right to plead not guilty or persist in not-guilty plea | ROA.114-15 |
| (**C**) right to a jury trial | ROA.114-15 |
| (**D**) right to counsel at trial and every other stage | ROA.114-15 |
| (**E**) certain specific rights at trial | ROA.114-15 |
| (**F**) defendant's waiver of trial rights | ROA.116 |
| (**G**) nature of the charge | ROA.171-72 |
| (**H**) maximum possible penalty | ROA.171-72 |
| (**I**) mandatory minimum penalty | ROA.171-72 |
| (**J**) any applicable forfeiture | ROA.171-72 |
| (**K**) court's authority to order restitution | ROA.171-72 |
| (**L**) court's obligation to impose a special assessment | ROA.171-72 |
| (**M**) court's obligation to calculate guidelines range and consider that range, possible departures, and other 18 U.S.C. § 3553(a) factors | ROA.119-21 |
| (**N**) terms of waiver of right to appeal or collaterally attack the sentence | ROA.259 |
| (**O**) risk of removal, denial of citizenship, and denial of future admission if convicted and not a U.S. citizen | n/a |
| **II.  Voluntariness of Plea** - Rule 11(b)(2) | ROA.117-18 |
| **III.  Plea's Factual Basis** - Rule 11(b)(3) | ROA.44 |
| **IV.  Judicial Consideration of Plea Agreement** - Rule 11(c)(3) (advisory to defendant if plea agreement is of specified type) | ROA.235 |

| | |
|---|---|
| **V. Accepting Plea Agreement** - **Rule 11(c)(4)** (informing defendant that, to the extent agreement is of specified type, the agreed disposition will be in the judgment) | ROA.235 |
| **VI. Enforcing Plea Agreement** (Government's compliance with plea agreement, defense counsel's certification whether government intends to enforce appeal waiver, and validity of appeal waiver) | BB |
| **SENTENCING** - **FED. R. CRIM. P. 32** (**NOTE:** May be pretermitted if the record reflects a valid, enforceable sentencing waiver) | |
| **I. Rule 32(e)(2)** (disclosing the PSR) | ROA.261 |
| **II. Rule 32(i)(1)** (verifying that defendant and counsel read and discussed the PSR and any addendum to the PSR and allowing counsel to comment on PSR and sentencing matters) | ROA.212-13 |
| **III. Rule 32(i)(3)** (findings on disputed matters) | ROA.234-35, 238 |
| **IV. Rule 32(i)(4)** (allowing counsel and defendant to speak) | ROA.235-37 |
| **V. Rule 32(j)(1)** (advising defendant of any right to appeal and right to appeal in forma pauperis) | ROA.239 |
| **VI. Rule 32(k)(1)** (judgment correctly sets forth plea, offense(s) of conviction, and sentence) | ROA.57-60 |
| **VII. Calculation of sentence** | |
| **Offense level calculation** (identify base offense level and any adjustments) | ROA.270-71 |
| **Criminal history calculation** (identify prior convictions and any additional points) | ROA.271-76 |
| **Advisory guidelines range** | ROA.285 |
| **Statutory minimum or maximum**, if any, term of imprisonment and supervised release | ROA.285 |
| **Fine range**, if fine was imposed; *see* U.S.S.G. § 5E1.2, and findings on fine and on defendant's ability to pay; *see id.*; 18 U.S.C. §§ 3571 & 3572 | ROA.286 |
| **Restitution**, if any | n/a |
| **VIII. Imposition of sentence** | |
| **Adequacy of reasons for sentence**; 18 U.S.C. § 3553(c) | ROA.237-39 |
| **Substantive reasonableness of sentence** | ROA.237-39 |

| | |
|---|---|
| **Absence of conflict between written judgment and oral pronouncement of sentence**, including with respect to special conditions of supervised release, *see United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (en banc) | ROA.57-59, 238, 288-89 |